**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRIGINA**
**Alexandria Division**

|  |  |  |
|---|---|---|
| | : | |
| JEFFERY PAYNE | : | |
| 3063 Patrick Henry Drive | : | |
| APT 202 | : | |
| Falls Church, VA 22044 | : | |
| | : | |
|     Plaintiff | : | |
| | : | |
| v. | : | Case No.:1:24-cv-398 |
| | : | |
| SGT. JOSHUA MOSER | : | |
| Individually and in his capacity as a | : | |
| Police officer with Fairfax County | : | |
| Police Department | : | |
| 12099 Government Center Parkway | : | |
| Fairfax, VA 22035 | : | |
| | : | |
|     Defendant. | : | |
| | : | |

## AMENDED COMPLAINT

NOW COMES Jeffery Payne (hereinafter "Plaintiff" or "Mr. Payne") by and through his

attorney, Andrew O. Clarke, Esquire of District Legal Group, PLLC, hereby brings this

Complaint against Sgt. Joshua Moser (hereinafter referred to as "Sgt. Moser" or "Defendant"). In

support thereof Plaintiff, Jeffery Payne states the following:

## INTRODUCTION

1. This is an action arising from a violation of civil rights, use of excessive force, an assault and

   battery, and an unreasonable search and seizure of Mr. Payne, a middle aged African

   American male who was observed lawfully driving his vehicle immediately before Sgt.

   Moser's inflicted egregious bodily harm upon him.

2. Mr. Payne was observed driving his vehicle in the parking lot of Seven Corner's strip mall in Falls Church, Virginia by a plain clothes unidentified and unidentifiable Sgt. Moser who intentionally collided his unmarked vehicle into Mr. Payne's vehicle multiple times causing Mr. Payne to spin out of control. While Mr. Payne's vehicle was spinning out of control Sgt. Moser discharged his firearm into the back window of Mr. Payne's vehicle, striking Mr. Payne is his left arm.

3. Mr. Payne pursuant to 42 U.S.C. §§1983 and 1988, inter alia, the Fourth Amendment of the United States Constitution made applicable to the States by the Fourteenth Amendment of the United States Constitution and other state law tort claims brings this action against Sgt. Moser.

4. Mr. Payne was unlawfully searched, seized, and excessive force was used throughout Mr. Payne's encounter with Sgt. Moser. This cause of action seeks redress for Mr. Payne's injuries and Sgt. Moser's misconduct.

<u>**SUBJECT MATTER JURSIDICTION AND VENUE**</u>

5. This Court has jurisdiction under 28 U.S.C. §1331 pursuant to 42 U.S.C. §1983 because the crux of the Plaintiff's claim arises under federal law and statute regarding the civil deprivation of rights of Mr. Payne.

6. This Court supplemental jurisdiction over the remaining claims in the Complaint pursuant to 28 U.S.C. §1367(a).

7. Venue is proper in this Court pursuant to 28 U.S.C. §1391 because (1) a;l; events and omissions giving rise to the claims alleged herein occurred within Fairfax County, Virginia, (2) the named defendant works within and for the Commonwealth of Virgina for Fairfax

County, and (3) the Defendant has caused bodily injury within the Commonwealth of Virginia in Fairfax County.

## PARTIES

8. At all times relevant to this Complaint, Plaintiff Mr. Payne was a person of the full age of majority, a citizen of the United States, and resident of the Commonwealth of Virgnia.

9. At all times relevant to this Complaint, Defendant Sgt. Moser was employed as a Seargeant police officer with Fairfax County Police Department, and as such, Sgt. Moser was a duly authorized agent, servant, and/or employee of the Fairfax County Police Department.

10. Defendant Sgt. Moser was acting within the scope and course of his employment as a member of the Fairfax County Police Department at the time of the events alleged in this Complaint.

11. Defendant Sgt. Moser is being sued in this case both as an individual and in his capacity as a Fairfax County Police Officer as he acted under the color of law during: (1) his investigation of Plaintiff; (2) the time he arrested Plaintiff, and (3) the times he used force against Plaintiff.

## STATEMENT OF FACTS

12. This excessive force and civil rights action is about the egregious, senseless, and unlawful shooting and failure to render aid to forty-one (41) year-old, African-American male, Jeffery Payne by out-of-control violent law enforcement officers.

13. On the night of August 3, 2022, Mr. Payne was operating his vehicle when plain clothes members of Fairfax County Police Department Street Crimes Unit in an unmarked all-black Ford F-150 pick-up truck with heavy tinted windows began to follow Mr. Payne

14. Mr. Payne turned into a shopping mall parking lot and the unmarked all-black Ford F-150 pick-up truck with heavy tints was still following him as he reached the loading dock side of the Home Depot store that was within the shopping mall in Falls Church, Virginia.

15. On the loading dock side of Home Depot, a semi-18-wheeler trailer was parked blocking Mr. Payne from driving any further. At that point Mr. Payne and the all-black unmarked Ford F-150 pick-up truck with heavily tinted windows both came to a complete stop. Mr. Payne was waiting for pedestrians to walk past the parked semi-18-wheeler trailer so that he could drive around the trailer and go towards the entry and exit to the Home Depot parking lot and the main road.

16. Once Mr. Payne was able to pass the semi-18-wheeler trailer and drive towards the entry and exit area for the parking lot he noticed that the all-black unmarked Ford F-150 pick-up truck with heavily tinted windows was still behind him, and that the all-black unmarked Ford F-150 pick-up truck's left turn signal was on.

17. Mr. Payne began to make a right turn out of the Home Depot parking lot and while he was attempting to turn the unmarked all black Ford F-150 pick-up truck with heavily tinted windows rammed into the left side of Mr. Payne's vehicle so hard that it caused Mr. Payne's vehicle to run over the curb.

18. The all-black unmarked Ford F-150 pick-up truck with heavily tinted windows struck Mr. Payne's vehicle two more times. The all-black unmarked Ford F-150 pick-up truck struck Mr. Payne's vehicle three times in total. The third strike was on Mr. Payne's left rear bumper causing his vehicle to spin out of control.

19. While Mr. Payne's vehicle was spinning out of control he immediately saw a bright light coming from behind his vehicle and a heard a loud pop. Mr. Payne's left rear passenger window had been shot out and Mr. Payne was struck by the bullet in his left arm.

20. Mr. Payne was shot by an unidentified plain clothes member of the Fairfax County Police Department Street Crimes Unit without any probable cause, warning, or justification.

21. Simultaneously, these unidentifiable and unidentified members of the Fairfax County Police Department Street Crimes Unit began to yell "Stop reaching!" "I know you gotta gun!" and "Bring your attention to the emergency lights!"

22. Mr. Payne had already been shot in his left arm by an unidentifiable and unidentified member of the police force and Mr. Payne's right arm was in a hard cast because he had undergone arm and shoulder surgery four (4) days prior to this encounter. Nonetheless, the unidentified and unidentifiable members of the police force kept giving Mr. Payne commands to stop reaching and to raise his hands. Mr. Payne answers saying that he could not raise his hands because he had been shot in his left arm and due to a cast being on his right arm. Despite Mr. Payne's responses, a plain clothed officer state "You're going to die today if you don't fucking raise your arms!".

23. Mr. Payne was bleeding out in his vehicle when unidentified and unidentifiable members of the police department pulled a front seat passenger out of Mr. Payne's vehicle. While another unidentified and unidentifiable officer was pointing his firearm directly at Mr. Payne through the front windshield and screaming, "He's got a gun!" repeatedly.

24. Mr. Payne was never armed with a firearm. Mr. Payne responded, "I don't have a gun" and the officer stated, "Throw the gun out and if you don't fucking comply, we are going to shoot

you again!" The passenger of Mr. Payne's vehicle also began yelling that Mr. Payne did not have a gun and that he was shot.

25. At that moment the unidentified and unidentifiable Fairfax County Department Street Crimes unit waited at a standstill until uniformed Fairfax County officers and an ambulance arrived on the scene.

26. Mr. Payne was still in his vehicle bleeding from his left arm.

27. Once more personnel were on scene the unidentifiable officer began to yank Mr. Payne out of his vehicle while his seatbelt was still on and by his arms despite just being shot in the left arm, and his right arm being in a cast due to recent surgery.

28. The officers eventually cut Mr. Payne's seatbelt, removed him from the vehicle, and pulled his pants and underwear down in the middle of street and searched Mr. Payne's groin, penial, and annus area for a firearm. The officers never retrieved a firearm for Mr. Payne's person or for Mr. Payne's vehicle.

29. After, Mr. Payne was taken to the ambulance on scene.

30. The bullet was not removed from Mr. Payne's arm at the directive of Fairfax County detectives and Mr. Payne was transported to Alexandria County jail.

31. Mr. Payne's left arm continued to bleed, and a strong odor began to come from the bullet wound.

32. Approximately ten (10) days later Mr. Payne was taken to the hospital, and it was discovered that the bullet wound was severely infected and that the bullet had to be removed.

33. At that time, the bullet was removed from Mr. Payne's arm, but due to the infection and extremely rough handling of Mr. Payne by officers on the date he was unjustifiably seized via gunshot, Mr. Payne function in his left arm remains minimal.

34. None of the Fairfax County Officers were equipped with Body Worn Camera or Dash Camera footage during the August 3, 2022, incident.

**<u>COUNT I</u>**
**<u>JEFFERY PAYNE V. SGT. JOSHUA MOSER</u>**
**<u>IN HIS OFFICIAL AND INDIVIDUAL CAPACITY</u>**
**42 U.S.C. §1983**
**Fourth and Fourteenth Amendment – Excessive Force**

35. Plaintiff hereby alleges and incorporates by reference the facts and allegations contained in paragraphs 1 through 34 as if fully set forth herein.

36. At all times relevant to August 3, 2022, shooting incident of the Plaintiff, Sgt. Joshua Moser (hereinafter "Sgt. Moser") was employed by the Fairfax County Police Department and acted the color of state law and Fairfax County.

37. An action under 42 USC §1983 establishes that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law. 42 U.S.C. §1983

38. Plaintiff has a constitutional right under the Fourth Amendment and Fourteenth Amendment to the United States Constitution to be free from Sgt. Moser's and law enforcement's use of excessive force.

39. Plaintiff has rights afforded to him by the Fourth Amendment and the Fourteenth Amendment to the United States Constitution not to have his person or property unlawfully searched, seized, or detained in an unreasonable manner; not to be deprived of his liberty without due process of the law; and not to be subjected to excessive force during the course of his arrest.

40. Sgt. Moser deprived Mr. Payne of his Fourth Amendment rights to be free from excessive force and  unreasonable searches and seizures when Sgt. Moser used deadly force by (1) ramming a Fairfax County Police Department unmarked black heavily tinted Ford F-150 into Mr. Payne's vehicle multiple times causing Mr. Payne to spin out of control, and (2) immediately discharging his weapon without rending in commands, assessment of the situation and into a moving vehicle striking Mr. Payne in his left arm in violation and in excess of VA Code §§19.2-83.4 and 19.2-83.5.

41. In *McComb v. Ross*, 202 F. Supp. 3d 11 (D.D.C. 2016), a municipal policy or custom can cause a constitutional violation when policymakers, "knowingly ignore a practice that was consistent enough to constitute a custom." *Id* at 17. Furthermore, " a municipality may be liable when it fails to respond to a need (for example, training of employees) in such a manner as to show 'deliberate indifference' to the risk that not addressing the need will result in constitutional violations… Likewise, a municipality can be liable 'for inadequately supervising its employees if it was deliberately indifferent to an obvious need for greater supervision'". *Id.*

42. Fairfax County's actions and inactions created a deliberate indifference resulting in the constitutional violations of Mr. Payne. *See Connick v. Thompson*, 563 U.S. 51, 61-62, 131 S. Ct. 1350, 1360 (2011). Fairfax County and its police department chose to retain policy and tactics to allow for multiple unmarked vehicles to trail and initiate unlawful contact with Mr. Payne. Furthermore, Fairfax County and its police department placed an untrained sergeant and lower ranked officers in the field and on active duty to conduct the tortious and constitutionally violating conduct mentioned above without proper supervision or training. It is overt and obvious that Sgt. Moser lacked proper training of VA Code §§19.2-83.4 and

19.2-83.5. Sgt. Moser repeatedly uses excessive force without repercussion.

43. Sgt. Moser violated Mr. Payne's right to be free from unreasonable and unnecessary force.

44. Sgt. Moser acted with the intent and capability to do bodily harm to Mr. Payne. Sgt. Moser's conduct was perpetrated with actual malice.

45. The acts and omissions of Sgt. Moser, as described herein, violated Mr. Payne's clearly established rights of which a reasonable person in Sgt. Moser's position knew or should have known. Furthermore, a reasonable person in Sgt. Moser's position knew or should have known that it was a violation of Virgnia law to discharge one's service weapon into a moving vehicle and use deadly force without proper justification.

46. Sgt. Moser's actions, as described herein, were unreasonable, willful and wanton in light of the facts and circumstances.

47. Sgt. Moser arrested Mr. Payne with more force than reasonably necessary and constitutionally impermissible under the facts and circumstances.

48. As a result of Sgt. Moser's conduct and actions, Mr. Payne has suffered a will continue to suffer physical injuries and severe mental anguish.

WHEREFORE, Plaintiff, Mr. Payne demands judgment against Defendant, Sgt. Joshua Moser in compensatory damages in punitive damages with interest and costs, including attorney's fees.

**COUNT II**
**JEFFERY PAYNE V. SGT. JOSHUA MOSER**
**IN HIS OFFICIAL AND INDIVIDUAL CAPACITY**
**42 U.S.C. §1983**
**Fourth and Fourteenth Amendment – Unreasonable Search and Seizure**

49. Plaintiff hereby alleges and incorporates by reference the facts and allegations contained in paragraphs 1 through 48 as if fully set forth herein.

50. At all times relevant to August 3, 2022, shooting incident of the Plaintiff, Sgt. Joshua Moser (hereinafter "Sgt. Moser") was employed by the Fairfax County Police Department and acted the color of state law and Fairfax County.

51. An action under 42 USC §1983 establishes that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law. 42 U.S.C. §1983

52. Mr. Payne has a constitutional right under the Fourth Amendment and Fourteenth Amendment to the United States Constitution to be free from unreasonable stops, searches, and seizures.

53. Mr. Payne has rights afforded to him by the Fourth Amendment and the Fourteenth Amendment to the United States Constitution not to have his person or property unlawfully searched, seized, or detained in an unreasonable manner; not to be deprived of his liberty without due process of the law; and not to be subjected to excessive force during the course of his arrest.

54. Sgt. Moser deprived Mr. Payne of his Fourth and Fourteenth Amendment rights to be free from excessive force and unreasonable searches and seizures when Sgt. Moser used deadly force by (1) ramming a Fairfax County Police Department unmarked black heavily tinted Ford F-150 into Mr. Payne's vehicle multiple times causing Mr. Payne to spin out of control, and (2) immediately discharging his weapon without rending in commands, assessment of the situation and into a moving vehicle striking Mr. Payne in his left arm in violation and in excess of VA Code §§19.2-83.4 and 19.2-83.5.

55. In *McComb v. Ross*, 202 F. Supp. 3d 11 (D.D.C. 2016), a municipal policy or custom can cause a constitutional violation when policymakers, "knowingly ignore a practice that was consistent enough to constitute a custom." *Id* at 17. Furthermore, " a municipality may be liable when it fails to respond to a need (for example, training of employees) in such a manner as to show 'deliberate indifference' to the risk that not addressing the need will result in constitutional violations… Likewise, a municipality can be liable 'for inadequately supervising its employees if it was deliberately indifferent to an obvious need for greater supervision'". *Id.*

56. Fairfax County's actions and inactions created a deliberate indifference resulting in the constitutional violations of Mr. Payne. *See Connick v. Thompson*, 563 U.S. 51, 61-62, 131 S. Ct. 1350, 1360 (2011). Fairfax County and its police department chose to retain policy and tactics to allow for multiple unmarked vehicles to trail and initiate unlawful contact with Mr. Payne. Furthermore, Fairfax County and its police department placed an untrained sergeant and lower ranked officers in the field and on active duty to conduct the tortious and constitutionally violating conduct mentioned above without proper supervision or training. It is overt and obvious that Sgt. Moser lacked proper training of VA Code §§19.2-83.4 and 19.2-83.5. Sgt. Moser repeatedly uses excessive force without repercussion.

57. Sgt. Moser violated Mr. Payne's right to be free from unreasonable intrusions by strip searching him in the middle of the street and seizing him without cause by causing a vehicle collision and discharge of Sgt. Moser's firearm.

58. Sgt. Moser acted with the intent and capability to do bodily harm to Mr. Payne. Sgt. Moser's conduct was perpetrated with actual malice.

59. Sgt. Moser's actions caused Mr. Payne to be put in reasonable apprehension of an imminent

battery and possible robbery because Sgt. Moser was in plain clothes and operated out of an unmarked heavily tinted vehicle. Sgt. Moser failed to identify himself or provide any commands before inflicting any amount of force upon Mr. Payne.

60. The acts and omissions of Sgt. Moser, as described herein, violated Mr. Payne's clearly established rights, which a reasonable person in Sgt. Moser's position knew or should have known. Furthermore, a reasonable person in Sgt. Moser's position knew or should have known that it was a violation of Virginia law to discharge one's service weapon into a moving vehicle and use deadly force without proper justification.

61. Sgt. Moser's actions, as described herein, were unreasonable, willful and wanton in light of the facts and circumstances.

62. Sgt. Moser searched and seized Mr. Payne with more force than reasonably necessary and without cause rendering Sgt. Moser's actions constitutionally impermissible under the facts and circumstances.

63. As a result of Sgt. Moser's conduct and actions, Mr. Payne has suffered a will continue to suffer physical injuries and severe mental anguish.

WHEREFORE, Plaintiff, Mr. Payne demands judgment against Defendant, Sgt. Joshua Moser in compensatory damages and in punitive damages with interest and costs, including attorney's fees.

## COUNT III
## JEFFERY PAYNE V. SGT. JOSHUA MOSER
## IN HIS OFFICAL AND INDIVIDUAL CAPACITY
## GROSS NEGLIGENCE

64. Plaintiff hereby alleges and incorporates by reference the facts and allegations contained in paragraphs 1 through 63 as if fully set forth herein.

65. At all times relevant to August 3, 2022, shooting incident of the Plaintiff, Sgt. Joshua

Moser (hereinafter "Sgt. Moser") was employed by the Fairfax County Police Department and acted the color of state law and Fairfax County.

66.     In Virgnia gross negligence is defined as a disregard of prudence amounting to complete neglect of the safety of another. *See Colby v. Boyden,* 241 Va. 125, 133 (1991). The Court of Virginia further describes gross negligence as the absence of slight diligence or the want of even scant care. *See Frazier v. City of Norfolk,* 234 Va. 388, 393 (1987).

67.     During the August 2, 2022, incident it was Sgt. Moser's duty as a member of the Fairfax County Police force to act with reasonable care and due regard for persons within the community, including Mr. Payne.

68.     Without limitation, Sgt. Moser breached his duty in the following particulars:

 a. Failed to make a reasonable inquiry or Mr. Payne's observed lawful actions prior to using deadly force;

 b. Failure to attempt to stop or halt Mr. Payne, or use non-lethal force to ascertain the situation prior to using deadly force;

 c. Failure to render aid after use of deadly force;

 d. Failed to make a reasonable effort to determine whether or not Mr. Payne posed a viable threat prior to discharging his weapon;

 e. Failed to use only the level of force necessary to successfully accomplish legitimate police functions and/or objectives and which was commensurate with the level of threat presented;

 f. Failed to use a reasonable type and degree of force based upon the facts of the situation and that was commensurate with the level of threat presented

 g. Failed to render medical aid and/or failed to cause others to render medical aid in

a reasonable time after shooting Mr. Payne.

69. The aforesaid conduct and actions of Sgt. Moser demonstrate such an indifference to Mr. Hill as to constitute an utter disregard of caution or prudence, amounting to a complete neglect of the safety of Mr. Payne. Sgt. Moser's gross negligence, as described herein, is conduct that would shock the conscience of fair-minded people.

70. As a direct and proximate result of Sgt. Moser's conduct, Mr. Payne suffers from continued physical injuries with minimal movement of his left arm as well as mental anguish and anxiety.

71. Sgt. Moser partook in a prohibited practice in violation of Virginia common law which rendered Mr. Payne severely injured as well as emotionally traumatized.

72. The acts of Sgt. Moser are not privileged use of force under the Virgnia law, federal law, or under the circumstances in this case. Sgt. Moser's actions were taken with the intent to cause physical contact, bodily harm, and death without any lawful justification or any justification at all.

WHEREFORE, Plaintiff, Mr. Payne demands judgment against Defendant, Sgt. Joshua Moser in compensatory damages and pursuant to Va. Code § 8.01-38.1 punitive damages with interest and costs, including attorney's fees.

**<u>RELIEF SOUGHT</u>**

WHEREFORE, Plaintiff, Mr. Payne, respectfully requests that this Court enter judgment in his favor against Defendant, Sgt. Moser and award him:

1. An order and judgment against Defendant awarding damages for physical pain and suffering, emotional pain, mental anguish, inconvenience, attorney's fees, costs, loss of

enjoyment of life, other non-pecuniary and further relief as this Court deems just and proper;

2. Actual, compensatory damages, prejudgment interest, post judgement interest and consequential damages against Defendant;

3. Reasonable attorney's fees and costs incurred in pursing this action as provided under 42 U.S.C. §1983 and 42 U.S.C. §1988; and

4. Punitive damages against Defendant; and

5. Any other relief as this Court deems just and appropriate.

## JURY DEMAND

Plaintiff, Sgt. Joshua Moser hereby demands a trial by jury pursuant to Federal Rules of Civil Procedure 38(b) on all triable issues.

Date:   April 10, 2024                          Respectfully submitted,


_/s/ Andrew O. Clarke_
Andrew O. Clarke, Esquire
Va. Bar No. 87395
**DISTRICT LEGAL GROUP, PLLC**
163 Waterfront Street, Suite 440
National Harbor, MD 20745
T: 202.780.9144
E: aclarke@districtlegalgroup.com
_Counsel for Jeffery Payne_