UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JEFFERY PAYNE,<br>*Plaintiff*,<br><br>v.<br><br>SGT. JOSHUA MOSER,<br>*Defendant.* | No. 1:24-cv-398-MSN-WEF |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant's Motion for Summary Judgment (ECF 42). Plaintiff Jeffrey Payne challenges the constitutionality of his arrest on August 2, 2022. But there are no genuine disputes of material fact concerning the circumstances of the arrest. For that reason and for the reasons stated below, the Court will grant Defendant's motion and dismiss Plaintiff's claims.

I.  BACKGROUND

A.  **Factual Background**[1]

On the night of August 2, 2022, Plaintiff left a family function with another individual and drove to a liquor store. ECF 43 at 2. Earlier that day, Plaintiff had received a call from a man Plaintiff knew as "Hector," who was seeking to purchase cocaine from Plaintiff. *Id.* Hector called Plaintiff again while he was driving to the liquor store, and during the call Plaintiff agreed to sell Hector cocaine at a specified Wendy's that evening. *Id.* Plaintiff was unaware that Hector had been arrested earlier in the day by a member of the Fairfax County Police Department's (FCPD) Organized Crime and Narcotics Division (OCN) Street Crimes Unit. *Id.* at 3. After arresting

---

[1] The facts recounted herein incorporate Plaintiff's Complaint and Defendant's undisputed facts referenced in its Motion for Summary Judgment, which Plaintiff does not specifically dispute. *See generally* ECF 49; ECF 50 at 1.

Hector, the Street Crimes Unit used him as a confidential informant (CI) to set up a meeting with his narcotics supplier, who the Street Crimes Detectives later learned was Plaintiff *Id.* at 4-5. Multiple Street Crimes detectives—including Defendant Sergeant Joshua Moser ("Sgt. Moser")—participated in a briefing about Plaintiff, during which they were advised that Plaintiff was known to carry firearms. *Id.* at 5-6. The detectives ultimately decided that "they had probable cause to arrest the Plaintiff based upon the information they had developed, regardless of whether he followed through with the transaction once he arrived on the scene, for possession of a controlled substance with intent to distribute in violation of Va. Code § 18.2-248." *Id.* at 6.

Sgt. Moser, who had been trained on Tactical Vehicle Intercepts (TVI) and use of force, was wearing a police-issued uniform and driving in an unmarked vehicle on the day of the arrest. *Id.* at 7, 10. First, an undercover detective approached Plaintiff's vehicle in the Wendy's parking lot to complete the cocaine transaction that CI Hector had set up. *Id.* at 10-11. But the transaction was never completed because Plaintiff fled the scene, driving away after he had a gut feeling that something was wrong. *Id.* at 11. The remaining detectives followed Plaintiff's vehicle in their own unmarked vehicles and, after a brief chase, the detectives, including Sgt. Moser, activated their police emergency blue and red lights. *Id.* at 12. The detectives then effectuated a stop on Plaintiff—encircling his vehicle with their own to prevent him from fleeing. *Id.* at 12-13. Sgt. Moser identified himself as a police officer to Plaintiff, but Plaintiff ignored him and instead Sgt. Moser saw Plaintiff reach toward the center console of his vehicle with his left hand.[2] *Id.* at 13. Sgt. Moser believed that Plaintiff "possessed a firearm with the intent to harm" one of the detectives and Sgt. Moser therefore discharged his own firearm "out of his fear of significant injury or death" to the

---

[2] Plaintiff attempts to dispute the fact that he reached towards the center console, claiming that one of his arms was in a cast, which prevented him from reaching for a weapon. ECF 49 at 4. But it is not clear from Plaintiff's pleadings which arm was purportedly in a cast—at one point Plaintiff claims his left arm had been shot and his **right arm** was in a cast, *id.* at 2, but then later in the same pleading Plaintiff claims that his **left arm** was in a cast, *id.* at 5.

2

detectives on the scene. *Id.* at 13-14. After Sgt. Moser shot Plaintiff one time, he "extracted himself from the immediate responsibilities of the arrest operation to limit any further engagement with the Plaintiff," and another detective who was a certified Emergency Medical Technician provided medical attention to Plaintiff, locating a bullet wound on his left arm. *Id.* at 14. Medics then arrived at the scene to further treat Plaintiff. *Id.* at 15.

The detectives recovered Plaintiff's cross-body bag from his person and located cocaine inside. *Id.* at 15. Plaintiff ultimately pled guilty and was convicted in Fairfax County Circuit Court of possession of a controlled substance with intent to distribute. *Id.* No firearm was located during the stop and arrest. *Id.* at 16.

### B. Procedural History

Plaintiff initially brought three claims against Defendant Sgt. Moser in his personal and official capacity: (1) excessive force claims under the Fourth and Fourteenth Amendments; (2) unreasonable search and seizure claims under the Fourth and Fourteenth Amendments; and (3) a claim for gross negligence. On May 16, 2024, this Court granted Defendant's Motion to Dismiss (ECF 9) and ordered that the claims against Defendant in his official capacity be dismissed for failure to state a claim under *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978). ECF 15. Accordingly, only the individual capacity claims against Sgt. Moser (for both excessive force and unreasonable search and seizure), along with the gross negligence claim, remain. *Id.* The parties proceeded to discovery and on October 4, 2024, Defendant moved for summary judgment on all three remaining counts, and on the issue of qualified immunity. *See generally* ECF 43.

## II. LEGAL STANDARD

This Court may grant summary judgment under Federal Rule of Civil Procedure 56 when there are no material facts genuinely in dispute and the moving party is entitled to judgment as a

3

matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The Court must construe the facts in the light most favorable to the nonmoving party and may not make credibility determinations or weigh the evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). But the Court should enter summary judgment "against a party who fails to make [an evidentiary] showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

### III. ANALYSIS

Plaintiff has failed to put forth evidence to establish the elements of his three causes of action. Accordingly, because there are no material facts in dispute regarding either Plaintiff's Fourth Amendment claims or his gross negligence claim,[3] this Court will grant Defendant's motion for summary judgment as to all three counts.[4]

#### A.  Count I: Fourth Amendment Use of Force

This Court finds that there is no genuine dispute that Sgt. Moser used an objectively reasonable amount of force to effectuate Plaintiff's arrest. Excessive force claims are analyzed under an "objective reasonableness" standard. *See Graham v. Connor*, 490 U.S. 386, 392 (1989). In applying *Graham*, courts "focus on the facts and circumstances of each case, taking into account 'the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Yates v. Terry*, 817 F.3d 877, 885 (4th Cir. 2016) (quoting *Graham*, 490 U.S. at 396).

---

[3] As noted above, Plaintiff does not dispute any of Sgt. Moser's "List of Material Facts Not Genuinely in Dispute." *See generally* ECF 49; ECF 50 at 1. And while Plaintiff separately lists nine purported facts in dispute, *see* 49 at 4-5, the majority of these "facts" are merely legal conclusions that cannot be considered at summary judgment or facts that are not in dispute given the record evidence.

[4] Because this Court will dismiss Counts I and II, the Court need not reach the issue of qualified immunity. However, qualified immunity would provide an alternate ground for dismissal, given that Defendant did not commit a constitutional violation, nor did he violate firmly established law. *See, e.g., Benton v. Layton*, 675 F. Supp. 3d 606 (E.D. Va. 2023) (granting qualified immunity to officers who used deadly force after a high-speed chase when the suspect reached with his right hand toward the center console and passenger seat of his vehicle).

Furthermore, an officer may use deadly force when they have "probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or others." *Tennessee v. Garner*, 471 U.S. 1, 11 (1985).

Here, Sgt. Moser's use of his firearm was objectively reasonable as a matter of law because he relied on his training and experience to conclude that Plaintiff, a known possessor of narcotics, was likely to be armed. *See United States v. Brown*, 398 Fed. App'x 865, 868 (4th Cir. 2010) ("This court has recognized that the presence of drugs permits the inference of the presence of firearms."); *United States v. Perrin*, 45 F.3d 869, 873 (4th Cir. 1995) ("[I]t is certainly reasonable for an officer to believe that a person engaged in selling of crack cocaine may be carrying a weapon for protection"). Furthermore, when Plaintiff moved towards the center console, Sgt. Moser reasonably concluded that Plaintiff might be reaching for a gun and that other detectives' lives were in danger. *See Caraway v. City of Pineville*, 111 F.4th 369, 382 (4th Cir. 2024) (finding that a law enforcement officer may use deadly force against a suspect when "based on a reasonable assessment, the officer or another person is *threatened* with [a] weapon" (emphasis in original) (citation omitted)).

Plaintiff contends that because of the cast on his left arm "it would have been impossible for Mr. Payne to hold a firearm with his left arm, making him less likely to pose a threat of officers." ECF 49 at 9. But, as noted above, Plaintiff, in the same pleading, notes that it was his *right arm* in a cast. *Id.* at 2. Regardless of this inconsistency, even if one of Plaintiff's arms was indeed in a cast, there is no evidence that Sgt. Moser was aware of this fact.[5] Accordingly, the presence of a cast on either arm has no impact on Sgt. Moser's reasonable perception that Plaintiff was reaching for a gun. Plaintiff also urges this Court to consider the possibility that he was not

---

[5] And even if Sgt. Moser was indeed aware, it is hard to imagine how one arm being in a cast would prevent an individual from using *the other* free arm to reach for a weapon.

5

fleeing or evading arrest, noting that "it is unclear when or if at all police sirens were ever on." *Id.* at 10. But this fact is not disputed even by Plaintiff, who admitted in two interviews with law enforcement following the arrest that he heard sirens. ECF 50 at 8, n.9 (quoting interview transcripts).

Accordingly, this Court finds that there are no genuine factual disputes surrounding Sgt. Moser's use of force on August 2, 2022. Sgt. Moser reasonably interpreted Plaintiff's movements after his vehicle came to a stop as being consistent with reaching for a weapon and Sgt. Moser thereafter used a reasonable amount of force to address that threat. Because Plaintiff has not pointed to any facts that create a dispute as to the reasonableness of Sgt. Moser's actions,[6] Sgt. Moser is entitled to summary judgment as to Plaintiff's Fourth Amendment use of force claim (Count I).

   B.   **Count II: Fourth Amendment Unlawful Search and Seizure**

This Court finds that there is no genuine dispute that Sgt. Moser did not violate Plaintiff's rights through an unreasonable search or seizure. "Under the Fourth Amendment, a warrantless arrest is an unreasonable seizure unless there is probable cause to believe that a criminal offense has been or is being committed." *United States v. Johnson*, 599 F.3d 339, 346 (4th Cir. 2010). Probable cause "exists when, 'at the time the arrest occurs, the facts and circumstances within the officer's knowledge would warrant the belief of a prudent person that the arrestee had committed or was committing an offense.'" *Id.* (quoting *United States v. Manbeck*, 744 F.2d 360, 376 (4th Cir. 1984).

---

[6] In addition to failing to point to specific facts in his pleadings that create a genuine factual dispute, Plaintiff attached his ***entire*** deposition transcript to his opposition motion. ECF 49-1. But this Court need not and will not attempt to "ferret out of the facts that counsel ha[s] not bothered to excavate." *See Cray Comm's, Inc. v. Novatel Computer Sys's, Inc.*, 33 F.3d 390, 395-96 (4th Cir. 1994).

Here, there is no dispute that Sgt. Moser was <u>not</u> the detective who conducted the search of Plaintiff or his property. *See* ECF 43 at 21. Accordingly, Sgt. Moser could not have effectuated an unlawful search or seizure on Plaintiff. Even if Sgt. Moser had participated in the search, there is no genuine dispute that there was probable cause to arrest Plaintiff for his possession with intent to distribute in violation of Va. Code § 18.2-248—given that Plaintiff agreed to sell cocaine to an individual (who, unbeknownst to Plaintiff, was a CI).[7] *Id.* Accordingly, this Court will grant Defendant's motion for summary judgment as to Count II.

### C.     Count III: Gross Negligence

This Court finds that there is no genuine dispute that Sgt. Mozer did not act with gross negligence during the incident. Virginia defines gross negligence as the "absence of slight diligence, or the want of even scant care." *Frazier v. City of Norfolk,* 234 Va. 388, 393 (Va. 1987). But where an officer's use of force is reasonable, his actions "cannot be negligent or wrongful." *Sigman v. Town of Chapel Hill*, 161 F.3d 782, 789 (4th Cir. 1998). In other words, the gross negligence claim "rise[s] or fall[s]" with the excessive force claim. *Johnson v. Dep't of Alcoholic Beverage Control*, 3:15CV00055, 2016 WL 7235836, at *7 (W.D. Va. Dec. 13, 2016) (citation omitted).

Plaintiff argues that a reasonable jury could conclude that Sgt. Moser acted with gross negligence when he did not alert Mr. Payne to the presence of law enforcement and opened fire into a vehicle with two unarmed individuals. ECF 49 at 17. But, as discussed in Section III.A, *supra*, Plaintiff has pointed to <u>no facts</u> that create a genuine dispute about Sgt. Moser's actions and

---

[7] Plaintiff offers no facts to dispute this point, but simply states that the detectives lacked probable cause. ECF 49 at 2. That is not sufficient to defeat summary judgment. Nor is Plaintiff's statement that he never in fact possessed a weapon, *id.* at 5, sufficient to create a genuine issue of material fact on the question of probable cause, which is a "totality-of-the-circumstances inquiry," *Smith v. Munday*, 848 F.3d 248, 253 (4th Cir. 2017).

7

use of force.[8] Accordingly, following the logic of this Court's ruling on excessive force, the Court will also grant Defendant's motion for summary judgment as to Plaintiff's gross negligence claim (Count III).

## IV.  CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that Defendant's motion for summary judgment (ECF 42) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's claims (Counts I, II, and III) are dismissed.

**SO ORDERED.**

/s/
Michael S. Nachmanoff
United States District Judge

November 19, 2024
Alexandria, Virginia

---

[8] Again, Plaintiff did not dispute in his prior interviews that law enforcement announced their presence. *See* Section III.A, *supra* (citing ECF 50 at 8, n.9).